UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-24385-CV-COOKE/O'SULLIVAN

SANTIAGO CHAPPOTIN,

    Plaintiff,

v.

ALPINE TOWING, INC., a Florida Profit Corporation
and LARRY J. SARAVIA, individually

    Defendant(s)
_____/

## STATEMENT OF CLAIM

Plaintiff, SANTIAGO CHAPPOTIN ("Plaintiff"), by and through the undersigned counsel hereby files his Statement of Claim pursuant to this Court's Order (ECF No. 8). In support of this statement Plaintiff states as follows[1]:

A. <u>An Initial Estimate of the Total Amount of Alleged Unpaid Wages</u>

Plaintiff estimates that his total amount of unpaid wages is, at a minimum, $18,080.00 exclusive of liquidated damages, attorney's fees and costs. If liquidated damages are awarded, Plaintiff's minimum claim will be $36,160.00.

B. <u>A Preliminary Calculation of Such Wages</u>

| Time Frame | Approx. Unpaid Overtime Hours Worked Per Week | Overtime Wage (0.5 x $10.00) | Wages Owed (unliquidated) |
|---|---|---|---|
| September 2017- December 31, 2019 (113 weeks) | 32 overtime hours a week | $5.00 P/H | $18,080.00 |

---

[1] The damage calculations contained herein pertain only to counts I-II of Plaintiff's Complaint. Plaintiff seeks additional damages for his claims of retaliation.

The above calculation is based on Defendants' and Plaintiff's agreement that Plaintiff was to work twelve (12) hour shifts six (6) days a week for $120.00 per day. Pursuant to their agreement, Plaintiff received part of his wages in a payroll check and on occasion some cash which comprised some, but not necessarily all, of the remaining wages pursuant to the parties' agreement. However, no steps were taken by Defendants to compensate Plaintiff at the rate of time and half for all hours worked over forty each workweek and it is anticipated Plaintiff's estimated damages will likely increase. Discovery is needed to ascertain the full value received by Plaintiff each week versus the hours worked. Using his daily rate divided by the number of hours the party agreed upon—12 hours a day—Plaintiff's regular rate of pay would have been $10.00/hour. Based on a 72-hour work week, at minimum, Plaintiff would be owed $18,080.00 (32 hours x $5.00 x 113 weeks) for the period of time.

If, however, the evidence shows that there was no such agreement, then Plaintiff's regular rate would be between $8.25 and $8.50 per hour pursuant to the paystubs and Plaintiff would be entitled to claim time and half for each hour worked over forty for which he received no compensation at all. Therefore, based on a 72-hour work week, Plaintiff would be owed at least $44,729.92 (32 hours x $12.37 p/h x 113 weeks) for the period of time.

| Time Frame | Approx. Unpaid Overtime Hours Worked Per Week | Overtime Wage 1.5 x $8.25 1.5 x $8.50 | Wages Owed (unliquidated) |
| --- | --- | --- | --- |
| September 2017- December 31, 2019 (113 weeks) | 32 overtime hours a week | $12.37p/h – 12.75 | $44,729.92 - 46,104.00 |

C. <u>Nature of the Wages:</u>  This amount represents unpaid overtime wages from September 2017 through December 31, 2019. Plaintiff reserves the right, however, to adjust and amend this initial calculation as discovery proceeds as it may be discovered that Plaintiff is owed more or less than those amounts calculated.

Dated: December 30, 2020                                  Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

<u>By: /s/Nathaly Saavedra</u>
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Secondary E-mail: esther@peregonza.com

## SERVICE LIST

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

Attorney for Plaintiff


Salvatore J. Sicuso, Esquire
Salvatore J. Sicuso, P.A.
9350 South Dixie Hwy.
Penthouse 1
Miami, FL 33156
(305) 529-2355

Attorney for Defendants

CM/ECF Notice