UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:20-cv-24385-MGC

SANTIAGO CHAPPOTIN
On behalf of himself and all others similarly situated,
    Plaintiff,

vs.
ALPINE TOWING, INC., a Florida Profit Corporation and
LARRY J. SARAVIA, Individually,
    Defendant(s)
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Alpine Towing, Inc, and Larry J. Saravia, file this Answer to Plaintiff's Complaint:

## DEFENDANT'S ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants' respond to the allegation in each corresponding paragraph of the Complaint as follows:

## JURISDICTION AND VENUE

1. The allegation of paragraph 1 of the Complaint states a legal conclusion that requires no answer of Defendant, but to the extent that such allegation requires an answer, they are denied.

2. Defendants admit that this Court has original jurisdiction to hear this Complaint under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. and that venue is proper in this Court.

3. Defendants admit that the proper venue is the United States Court for the Southern District of Florida.

## PARTIES

4. Defendants admit only so much of Paragraph 4 of the Complaint that alleges that Plaintiff is a resident of Miami Dade County Florida.

5. Defendants admit only so much of Paragraph 5 of the Complaint that alleges that Plaintiff was employed by Defendants. Defendants deny the remaining allegation of

Paragraph 5 of the Complaint.

6. Defendants admit only so much of Paragraph 6 of the Complaint that alleges that Alpine Towing is a corporation. Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7. Defendants deny allegations of Paragraph 7 of the Complaint.

8. Defendants deny allegations of Paragraph 8 of the Complaint.

9. Defendants admit only so much of Paragraph 9 of the Complaint that alleges that Alpine Towing operates in towing automobiles, but to the extent that such allegations require an answer, they are denied.

10. Defendants deny allegation of Paragraph 10 of the Complaint.

11. Defendants deny allegations of Paragraph 11 of the Complaint.

12. Defendants admit only so much of Paragraph 12 of the Complaint that alleges that SARAVIA is a corporate officer of ALPINE TOWING. Defendants deny the remaining allegations of paragraph 12 of the Complaint.

13. Defendants admit only so much of Paragraph 13 of the Complaint that alleges that SARAVIA is president of ALPINE TOWING. Defendants deny the remaining allegations of paragraph 13 of the Complaint.

14. The allegation of paragraph 14 of the Complaint states a legal conclusion that requires no answer of Defendant, but to the extent that such allegation requires an answer, they are denied.

15 The allegation of paragraph 15 of the Complaint states a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, they are denied.

## FACTUAL ALLEGATIONS

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegation of Paragraph 22 of the Complaint.

23. Defendants deny the allegation of Paragraph 23 of the Complaint.

24. Defendants deny the allegation of Paragraph 24 of the Complaint.

25. Defendants deny the allegation of Paragraph 25 of the Complaint.

26. Defendants admit only so much of Paragraph 26 of the Complaint that alleges that the Defendants maintained control over the pay the Plaintiff was to receive. Defendants deny the remaining allegations of Paragraph 26 of the Complaint.

27. Defendants admit only so much that the Plaintiff was terminated from employment. Defendants deny the remaining allegations of Paragraph 27 of the Complaint.

28. The Defendants are without knowledge to respond to the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegation of Paragraph 29 of the Complaint.

30. The Defendants are without knowledge to respond to the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. The Defendants are without knowledge to respond to the allegations in paragraph 32 of the Complaint.

33. The Defendants are without knowledge to respond to the allegations in paragraph 33 of the Complaint.

<u>**COUNT I**</u>
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST ALPINE TOWING**

34. Defendants re-adopt each and every answer as stated in paragraph 1

through 33 of the Answer as if set out in full herein.

35. The allegation of paragraph 35 of the Complaint states a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, they are denied.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. The allegation of paragraph 38 of the Complaint states a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, they are denied.

39. The allegation of paragraph 39 of the Complaint states a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, they are denied.

40. The allegation of paragraph 40 of the Complaint states a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, they are denied.

41. The allegation of paragraph 41 of the Complaint states a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, they are denied.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43.  Defendants deny the allegations of Paragraph 43 of the Complaint.

44. The allegation of paragraph 44 of the Complaint states a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, they are denied.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. The allegation of paragraph 46 of the Complaint states a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an

answer, they are denied.

47. The allegation of paragraph 47 of the Complaint states a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, they are denied.

## COUNT II
## WAGE & HOUR FEDERAL STATUTORY VIOLATION AGAINST SARAVIA

48. Defendants re-adopt each and every answer as stated in paragraph 1 through 33 of the Answer as if set out in full herein.

49. Defendants admit only so much that the SARAVIA is a corporate officer of ALPINE TOWING. Defendants deny the remaining allegations of Paragraph 49 of the Complaint.

50. Defendants admit only so much that the SARAVIA was the employer of the Plaintiff. Defendants deny the remaining allegations of Paragraph 50 of the Complaint.

51. Defendants admit only so much that SARAVIA supervised the Plaintiff. Defendants deny the remaining allegations of Paragraph 51 of the Complaint.

52. Defendants admit only so much that the SARAVIA had operational control of the business. Defendants deny the remaining allegations of Paragraph 52 of the Complaint.

53. Defendants deny the allegations of Paragraph 53 of the Complaint.

## COUNT III
## FLSA RETALIATION AGAINST ALPINE TOWING

54. Defendants re-adopt each and every answer as stated in paragraph 1 through 33 of the Answer as if set out in full herein.

55. The allegation of paragraph 38 of the Complaint states a legal conclusion that requires no answer of Defendant, but to the extent that such allegation requires an answer, they are denied.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

## COUNT IV
## FLSA RETALIATION against SARAVIA

59. Defendants re-adopt each and every answer as stated in paragraph 1 through 33 of the Answer as if set out in full herein.

60. The allegation of paragraph 38 of the Complaint states a legal conclusion that requires no answer of Defendant, but to the extent that such allegation requires an answer, they are denied.

61. Defendants deny the allegations of Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

3. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

### Fourth Affirmative Defense

4. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with FLSA.

### Fifth Affirmative Defense

5. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

### Sixth Affirmative Defense

6. This action is barred to the extent Plaintiff seeks recovery for time that is no compensable time i.e. "hours worked" under FLSA.

### Seventh Affirmative Defense

7. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

### Eighth Affirmative Defense

8. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provision of the FLSA and the Florida/ and or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/ of the law of Florida.

### Ninth Affirmative Defense

9. Plaintiff is not entitled to punitive/liquated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/ liquidated damages liability.

### Tenth Affirmative Defense

10. Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

### Eleventh Affirmative Defense

11. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

### Twelfth Affirmative Defense

12. Without assuming the burden of proof, Plaintiffs were compensated for all hours

### Thirteenth Affirmative Defense

13. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

### Fourteenth Affirmative Defense

14 The Plaintiff's claims are estopped by the submission of his/their own time records, for which Defendants compensated them for all overtime worked and claimed.

### Fifteenth Affirmative Defense

15. The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

### Sixteenth Affirmative Defense

16. Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

### Seventeenth Affirmative Defense

17. Plaintiffs have failed to mitigate their alleged damages.

### Eighteenth Affirmative Defense

18 Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### Nineteenth Affirmative Defense

19. Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

### Twentieth Affirmative Defense

20. Plaintiff has failed to exhaust administrative remedies.

### Twenty First Affirmative Defense

21. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### Twenty Second Affirmative Defense

22. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

### Twenty Third Affirmative Defense

23. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their answer be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendants.

Dated: December 31, 2020

Respectfully submitted,

By /s/ *Salvatore J. Sicuso*
Salvatore J. Sicuso, Esquire
Fla. Bar No. 899739

### **CETIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in CM/ECF ECF on this 31 day of December, 2020, on Nathaly Saavedra, Esq., at nathaly@peregonza.com and Juan J. Perez, Esq., at juan@peregonza.com as Counsels for the Plaintiff, 1414 NW 107th Avenue, Suite 302, Doral, FL 33172.

Salvatore J. Sicuso, P.A.
Attorney for Employee/Claimant
Salvatore J. Sicuso, Esquire
9350 South Dixie Hwy. Penthouse 1
Miami, FL 33156
(305) 529-2355
By /s/ *Salvatore J. Sicuso*
Salvatore J. Sicuso, Esquire

Fla Bar No. 899739